# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOEL CARDENAS,

    Petitioner,

vs.

WARDEN NEVEN, et al.,

    Respondents.

Case No. 2:14-cv-02026-JAD-VCF

ORDER
[1, 2]

    Petitioner has submitted an application to proceed in forma pauperis (#1) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court finds that petitioner is unable to pay the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will serve the petition upon respondents for a response.

    Petitioner has also filed a motion for appointment of counsel (#2). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing the petition, the court finds that appointment of counsel is not warranted.

IT IS THEREFORE ORDERED that the application to proceed in forma pauperis **(#1) is GRANTED**. Petitioner need not pay the filing fee of five dollars ($5.00).

IT IS FURTHER ORDERED that **the clerk of the court shall file the petition** for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel **(#2) is DENIED**.

IT IS FURTHER ORDERED that the clerk shall **add Adam Laxalt, Attorney General for the State of Nevada, as counsel for respondents.**

IT IS FURTHER ORDERED that the clerk shall **electronically serve upon respondents a copy of the petition and this order**. In addition, the clerk shall **return to petitioner a copy of the petition.**

IT IS FURTHER ORDERED that respondents shall have 45 days from the date on which the petition is served to answer or otherwise respond to the petition. Respondents must raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. Successive motions to dismiss will not be entertained. If respondents file and serve an answer, then they must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner will have 45 days from the date on which the answer is served to file a reply.

IT IS FURTHER ORDERED that any exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded—for this case—to the staff attorneys in Las Vegas.

IT IS FURTHER ORDERED that, from this point forward, petitioner must serve upon respondents or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Petitioner must include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the respondents or counsel for the respondents. The

court may disregard any paper received by a district judge or magistrate judge that has not been filed with the clerk, and any paper received by a district judge, magistrate judge, or the clerk that fails to include a certificate of service.

DATED: May 27, 2015

_____
JENNIFER A. DORSEY
United States District Judge