1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Joel Cardenas,

      Petitioner

v.

Warden Neven, et al.,

      Respondents

**2:14-cv-02026-JAD-VCF**

**Order Denying Petition, Declining to Issue a Certificate of Appealability, and Closing Case**

Nevada state-prison inmate Joel Cardenas brings this § 2254 petition to challenge his Nevada state-court conviction and sentence. Having reviewed Cardenas's petition and respondents' answer, I find that Cardenas is not entitled to federal habeas relief, so I deny his petition and decline to issue a certificate of appealability.

**Background**[1]

Cardenas was charged with sexual assault in Nevada's Fifth Judicial District Court in Case No. CR5364. Cardenas failed to appear for trial in that case, but was later discovered and returned to Nye County, where he was charged with failure to appear, Case No. CR6248. In March 2011, Cardenas was first tried and found guilty of sexual assault. Days after that trial ended, Cardenas was tried and found guilty on the failure-to-appear charge.

Two months later, the trial court held a single sentencing hearing to address both cases. The court adjudicated Cardenas a habitual criminal under NRS § 207.010 based, in part, on the sexual-assault conviction. The trial court stated that the sentence for failure to appear would be served consecutively to the sentence for sexual assault, gave Cardenas 499 days of credit for time served for the sexual-assault sentence, and declined to award any credit for time served for the consecutive failure-to-appear sentence. Though the trial court orally announced that the custodial sentences

---

[1] These facts are taken from the state-court exhibits attached to the petition, which I take judicial notice of under FRE 201.

1 would be served consecutively, this information was omitted from the judgment of conviction.

2       Cardenas appealed the judgment and sentence and the Nevada Supreme Court granted relief

3 on one issue: it held that Cardenas could not be adjudicated as a habitual criminal for the failure-to-

4 appear conviction because he committed that offense two years before a judgment of conviction was

5 entered for his second felony conviction and remanded the case to the district court.[2]  The state

6 district court entered an amended judgment of conviction that removed the habitual-criminal

7 adjudication and added that the sentence for failure to appear would run consecutively to the

8 sentence for sexual assault.

9 **Discussion**

10 **A.     Standard for habeas relief under 28 U.S.C. § 2254(d)**

11       A federal court may not grant an application for a writ of habeas corpus on behalf of a person

12 in state custody on any claim that was adjudicated on the merits in state court unless the state-court

13 decision (1) was contrary to, or involved an unreasonable application of, clearly established federal

14 law or (2) was based on an unreasonable determination of the facts in light of the evidence presented

15 in the state-court proceeding.[3]  In making this determination, federal courts look to the last reasoned

16 state-court decision.[4]  "Where there has been one reasoned state judgment rejecting a federal claim,

17 later unexplained orders upholding that judgment or rejecting the same claim rest upon the same

18 ground."[5]  To the extent no reasoned opinion exists, courts must independently review the record to

19 determine whether the state court clearly erred in its application of controlling federal law or whether

20 the state court's decision was objectively unreasonable.[6]

21 

_____

22 [2] *See Brown v. State*, 624 P.2d 1005, 1006 (Nev. 1981) (explaining that felony conviction entered after commission of third offense cannot be used to adjudicate defendant as a habitual criminal).

23 [3] 28 U.S.C. § 2254(d).

24 

25 [4] *Smith v. Hedgpeth*, 706 F.3d 1099, 1102 (9th Cir. 2013), *cert. denied* 133 S.Ct. 1831 (2013).

26 [5] *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

27 [6] *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000); *see also Harrington v. Richter*, 562 U.S. 86, 98 (2011) (holding that "[w]here a state court's decision is unaccompanied by an explanation, the

28 habeas petitioner's burden still must be met by showing there was no reasonable basis for the state

**B.      Ineffective assistance of counsel under 28 U.S.C. § 2254(d)**

In *Strickland v. Washington*, the United States Supreme Court established a two-prong test for ineffective-assistance-of-counsel claims.[7]  A petitioner must show (1) that the defense attorney's representation "fell below an objective standard of reasonableness" and (2) that the attorney's deficient performance prejudiced the defendant so severely that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[8] If a state court has adjudicated a claim of ineffective assistance of counsel, federal habeas courts ask only "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."[9]  Martin has not met this burden for any of his remaining claims.

**C.      Cardenas's ineffective-assistance claims fail**.

In ground one, Cardenas argues that, at his re-sentencing hearing for the failure-to-appear charge, counsel failed to inform the court that Cardenas should receive 890 days of credit for time served, which would be 491 days for time served before the original sentencing plus 399 days for time served between the original sentencing and the re-sentencing.  In ground two, Cardenas argues that counsel failed to request a new pre-sentence investigation report (PSR) showing that Cardenas should receive the 890 days of credit for time served.

The Nevada Supreme Court rejected these claims on appeal in Cardenas's state habeas action, finding that Cardenas failed to show that his counsel's performance was deficient or to show prejudice.  The Court held that, because a PSR was prepared for the sexual-assault case, a second report was not required to be prepared for the failure-to-appear case.[10]  Further, Cardenas did not demonstrate how having a second PSR prepared would have changed the outcome of the sentencing

---

court to deny relief.").

[7] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

[8] *Id.* at 694.

[9] *Harrington*, 562 U.S. at 105; *see also Cheney v. Washington*, 614 F.3d 987, 994–95 (9th Cir. 2010) (acknowledging double deference required for state court adjudications of *Strickland* claims).

[10] ECF No. 4 at 22–23 (citing NEV. REV. STAT. § 176.135(3)(b)).

1   hearing.

2       The Court next held that counsel was not ineffective for failing to inform the district court at

3   re-sentencing that his sentences were to run concurrently because, at the 2011 sentencing hearing, the

4   district court orally sentenced Cardenas to consecutive sentences, and the judgment's failure to

5   include this qualification was a clerical error.  Additionally, because Cardenas's credits for time

6   served were applied to his sexual-assault case, he was not also entitled to earn those credits toward

7   his sentence in the failure-to-appear case.[11]

8       Both of Cardenas's claims rest on the incorrect assumption that his sentences were originally

9   meant to be served concurrently.  They were not.  The state district court explicitly stated at

10  Cardenas's original sentencing hearing that the failure-to-appear sentence was to run consecutively

11  to the sexual-assault sentence.  The Nevada Supreme Court reasonably found that the failure-to-

12  appear judgment contained nothing more than a correctable clerical error.  Additionally, state law is

13  clear that credit for time served in pre-sentence confinement is applied to only the first of

14  consecutive sentences, so Cardenas is not entitled to credits for time served in the failure-to-appear

15  case.  The Nevada Supreme Court correctly applied *Strickland* in denying these claims, there is a

16  reasonable argument that counsel satisfied that standard, and Cardenas is not entitled to federal

17  habeas relief on either ground.

18  **D.      I decline to issue a certificate of appealability**

19      To obtain a certificate of appealability, a petitioner must make "a substantial showing of a

20  denial of a constitutional right"[12] by showing that "reasonable jurists would find the district court's

21  assessment of the constitutional claim debatable or wrong."[13]  To meet this threshold, the petitioner

22  must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the

23

24

25

26  [11] *Id.*

27  [12] 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

28  [13] *Slack*, 529 U.S. at 484.

1    issues differently, or that the questions are adequate to deserve encouragement to proceed further.[14]

2    Because no reasonable jurist would find my conclusion that Cardenas has failed to show that his

3    counsel was constitutionally ineffective debatable or wrong, I decline to issue Cardenas a certificate

4    of appealability.

5                                          **Conclusion**

6              Accordingly, IT IS HEREBY ORDERED that Cardenas's petition for a writ of habeas corpus

7    [ECF No. 4] is **DENIED, and I decline to issue a certificate of appealability.**   The Clerk of Court

8    is directed to enter judgment for respondents and against Cardenas and to CLOSE THIS CASE.

9              Dated this 8th day of November, 2016.

10

11                                          Jennifer A. Dorsey
                                            United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   _____

28   [14] *Id.*